### W. S. TYLER CO. v. REBIC.
Ohio Supreme Court.
No. 20901. Decided May 16, 1928.
Error to Cuyahoga Appeals.
Judgment affirmed.
1283. WORKMEN'S COMPENSATION—85 Appeal—480 Evidence.

1. Application for compensation constitutes commencement of proceeding.

2. Oral evidence, in addition to record made before Industrial Commission, held admissible.

DAY, J.
1. An oral application for compensation, given by an injured employe to his self-insuring employer, which application is refused by his employer, constitutes the commencement of a "proceeding" sufficient to confer jurisdiction for a subsequent appeal from an adverse decision of the Industrial Commission.

2. Upon the trial of such cause in the court of common pleas upon appeal, oral evidence was admissible in addition to the record made before the Industrial Commission. (Industrial Commission v. Hilshorst, 117 Ohio St., 337, approved and followed.)
(Marshall, CJ., Allen, Kinkade and Jones, JJ., concur. Robinson and Matthias, JJ., dissent from proposition 1 of the syllabus and from the judgment.)

### COLUMBUS D. & M. ELECT. CO. v. MARION CO. COMM.
Ohio Supreme Court.
No. 20896. Decided May 16, 1928.
Error to Marion Appeals.
Judgment affirmed.
1104. STATUTES—291 Constitutional Law.

Sections 8897, 8898 and 8899 GC., valid and constitutional.

ALLEN, J.
Sections 8897, 8898 and 8899, General Code, are valid and constitutional enactments.
Marshall, CJ., Day, Kinkade, Jones and Matthias, JJ., concur.)

### YOUNGSTOWN & SUBURBAN RY. CO. v. FAULK.
Ohio Supreme Court.
No. 20905. Decided May 16, 1928.
Error to Mahoning Appeals.
Judgment reversed and final judgment for plaintiff in error.
396. DIRECTED VERDICTS—829 Negligence.

Where, in action for damages sounding in tort, testimony of plaintiff establishes negligence on his part, directly and proximately contributing to injury, and there is no evidence tending to show wanton or wilful negligence of other party, court should direct verdict in favor of defendant.

KINKADE, J.
Where in an action for damages sounding in tort the testimony of the plaintiff clearly and unmistakably establishes negligence on the part of the plaintiff, directly and proximately contributing to the production of the injury complained of, and there is no evidence in the record tending to show that the negligence of the other party was wanton or wilful, and hence of such a character as to relieve against contributory negligence, it is the duty of the trial court, at the close of all the evidence, to direct a verdict in favor of the defendant and the omission so to do is prejudicial error. (Marshall, CJ., Robinson, Jones and Matthias, JJ., concur.)

### SULLIVAN v. CASSIDY.
Ohio Supreme Court.
No. 20629. Decided May 16, 1928.
Error to Hamilton Appeals.
Judgment affirmed.
225. CHARGE OF COURT—1271 Wills & Legacies—480 Evidence.

1. In will contest case, refusal of court to limit admissibility of plaintiff's exhibits and testimony as to sayings and writings of testator as bearing on testator's state of mind, held not erroneous because counsel for contestees did not specify what exhibits or what portions of plaintiff's testimony they desired to be limited.

2. Exclusion of stenographer's report of testator's testimony taken more than 25 years before execution of contested will, not erroneous.

JONES, J.
1. In a will contest case the contestees offered six wills of the testator executed prior to the will contested. In its general charge the trial court, specifically referring to these prior wills, said to the jury that they had "been admitted in evidence as bearing upon the state of mind of the testator at the time of executing his last will and testament, and should be considered by you for no other purpose." Thereupon counsel for contestees excepted to the court's refusal to limit also "the admissibility of plaintiff's exhibits and testimony as to sayings and writings of the testator" as bearing on testator's state of mind.
HELD—Since counsel for contestees did not specify what exhibits or what portions of plaintiff's testimony they desired to be likewise limited, but left the selection thereof to the court for its determination, refusal to give the request in the form presented was not error. Had the court given the request as asked, the jury would have been left in doubt as to what specific evidence the limitation requested would apply.

2. The will contested was executed in August, 1924. On the trial contestees offered a stenographic report of testator's testimony taken about March, 1899, more than twenty-five years before the execution of the contested will. This testimony was taken in a replevin suit brought, not by the testator's daughter, the plaintiff in this action, but by her husband, one A. R. Cassidy. The testimony tended to disclose ill-will at that time on the part of the testator against both Cassidy and his daughter. The exclusion of the stenographer's report of testator's testimony taken more than 25 years before the execution of the contested will, was not erroneous. (Allen, Kinkade, Robinson and Mathias, JJ., concur.)