JOHN S. MADIGAN, and MARY E. MADIGAN, his Wife *vs.* THE WORKINGMEN'S PERMANENT BUILDING AND LOAN ASSOCIATION OF TALBOT COUNTY, and GEORGE W. TYLER.

*Equity pleading and Practice—Answer bad in Substance— Demurrer—Mortgage—Curative Act of 1890, ch. 187— Retroactive legislation.*

According to the general chancery rule of pleading and practice, if an answer is insufficient in its responses to the allegations of the bill, objections must be taken to it by exceptions filed. And, if it be bad in substance as a defence, and further proofs be not required by the plaintiff, the case should be set down for hearing upon bill and answer, and the matter thus placed upon record will be adjudged accordingly.

A demurrer to the answer is not the proper course in such cases.

The Act of 1890, chapter 187, relating to sales made under powers in mortgages between the 1st of January, 1860, and 31st of December, 1878, declares that every such sale shall "be and the same is hereby made valid and effectual to all intents and purposes, as fully as if the person so making said sale had been named in said mortgage as the person to make said sale, or to execute said power of sale; and this section shall apply to all cases, whether the person making said sale was named by a mortgagee being a natural person or by a mortgagee being a body corporate." HELD:

1st. That this Act applies to the case of a sale made in the year 1872 under a power to sell contained in a mortgage to a corporation, which power of sale was by its terms conferred upon "the solicitor" of the corporation, without naming the individual solicitor, as required by the terms of the statute.    (Code, Art. 66, ·sec. 6.)

2nd. That the Legislature had the power by retrospective curative legislation to provide for such a case.

3rd. That the Act covers a case, pending at the time of its passage, brought to have sale made under such a power declared void.

APPEAL from the Circuit Court for Talbot County, in Equity.

The bill in this case was filed on the 19th of September, 1889. by the appellants against the appellees, to redeem a mortgage made by the appellants on the 5th of November, 1870, to the Workingmen's Permanent Building and Loan Association of Talbot County, a body corporate, and by it assigned to George W. Tyler, on the 13th day of June, 1889; said mortgagee and assignee being the appellees. The mortgage referred to provided that in case of default "then these presents are hereby declared to be made in trust, and the solicitor of the said Workingmen's Permanent Building and Loan Association of Talbot County is hereby authorized and empowered to sell all the property hereby mortgaged, or so much thereof as may be necessary, and to grant and convey the same," &c. The second paragraph of the answer of the defendants is as follows:

"2nd. These defendants further answering, say, that the mortgage aforesaid from the plaintiff to said association, contained power and authority to the 'attorney of said association' to sell the said mortgaged premises upon default in said mortgage; that there was default in said mortgage, and that a sale of the premises was made by the attorney of said association named in a separate power of attorney in the year 1872; the said association becoming the purchaser thereof; that the said sale was duly reported to the Circuit Court for Talbot County, and after objections filed to the same and stubbornly contested, the said sale was finally ratified and confirmed by this Court at the May Term of the same, in the year eighteen hundred and seventy-three; that said Madigan and wife thereupon delivered possession of the same to the purchaser, and never until the filing of this bill made any claim to the property whatsoever."

Madigan *vs.* Workingmen's Permanent Build. & Loan Association.

The plaintiffs having demurred to this second paragraph, the Court, (STUMP, J.,) overruled the demurrer, and passed a decree dismissing the bill. The defendants appealed. The case is further stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., MILLER, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*Alfred L. Tharp,* and *William E. Stewart,* for the appellants.

*Wm. R. Martin,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

The question desired to be raised in this case for decision is presented in a very irregular manner, that is, by a demurrer to the answer instead of exceptions, or sitting the case down for hearing on bill and answer. According to the general chancery rule of pleading and practice, if an answer is insufficient in its responses to the allegations of the bill, objections must be taken to it by exceptions filed. And if it be bad in substance as a defence, and further proofs be not required by the plaintiff, the case should be set down for hearing upon the bill and answer, and the matter thus placed upon record will be adjudged accordingly. *Sto. Eq. Pl., secs.* 456, 864 and 865. Since the transcript has come into this Court an agreement has been filed to the effect that the demurrer shall be treated as an exception to the answer; and, giving a liberal construction to this agreement, we suppose it to be intended that the case shall be so presented as to enable this Court to decide the case as upon bill and answer; and we shall so consider it.

The question thus presented is, whether the curative Act of 1890, ch. 187, applies to and is effective to make

valid the sale made under the power contained in the mortgage from the appellants to the Workingmen's Permanent Building and Loan Association of Talbot County, dated the 5th of November, 1870, and which power of sale was executed, and the report of sale made and finally ratified by the Circuit Court of the county, in 1873. The power of sale was, by its terms, conferred upon "the solicitor of the said Workingmen's Permanent Building and Loan Association," but did not name *therein* the individual solicitor, as required by the terms of the statute (Code, Art. 66, sec. 6,), and which has been held by this Court to be essential to the validity of the power. *Frostburg Mutual Building Association vs. Lowdermilk,* 50 *Md.,* 175. By the terms of the Act of 1890, ch. 187, the Act applies to all sales made under powers in mortgages between the first day of January, 1860, and the last day of December, 1878; and it declares that every such sale shall "be and the same is hereby made valid and effectual to all intents and purposes as fully as if the person so making said sale had been named in said mortgage as the person to make said sale or to execute said power of sale; and this section shall apply to all cases whether the person making said sale was named by a mortgagee being a natural person, or by a mortgagee being a body corporate."

The mortgage in this case was in all respects perfectly valid and formally executed; and the estate in the mortgaged premises was thereby transmitted to and vested in the mortgagee; and the only defect consisted in the delegation of the power of sale, as a summary remedy for default, under the statute. We cannot entertain a doubt of the power of the Legislature, by retrospective curative legislation, to provide for such a case as this, and that the Act of 1890, ch. 187, fully embraces the case. A Court of chancery could have exercised jurisdiction in decreeing a sale for default, or in reforming

Madigan *vs.* Workingmen's Permanent Build. & Loan Association.

the power so as to make it effective; and in such case it could not be claimed that any vested right had been divested. The mortgagee had a clear right of foreclosure and sale, and the only question was the method of procedure. Having pursued a method in regard to which the terms of the power was simply defective, the Legislature had an undoubted right to cure the defect by retroactive legislation, and to give such effect to the proceeding as appears to accord with the intention of the parties. This would seem to be within the clearest principle upon which Legislatures most generally act in passing retroactive laws to cure defects and irregularities in proceedings, wherein a party has no vested right in a defence, based upon an informality not affecting his substantial equities. *Cooley, Const. Lim.*, (*6th Ed.*,) 454 *to* 470. This case is totally unlike that of *Grove vs. Todd*, 41 *Md.*, 633. There the deed was simply void, as against the *féme covert*, whose dower was sought to be affected, and transferred no right or title whatever; and the curative Act was not passed until after the death of the husband; and this Court held, that the subsequent curative Act of the Legislature, though broad enough to embrace the case, could not so operate as to divest the widow of her dower and transfer it under a prior void deed, made without valuable consideration. This case presents no such question.

It is insisted, however, that the Act of 1890, ch. 187, cannot have application to this case, because the case was pending when the Act was passed. But it is clear that that fact does not withdraw the case from the operation of the Act. It is truly said that the bringing of suit vests in a party no right to a particular decision; and his case must be determined on the law as it stands, not when the suit was brought, but when the judgment is rendered. *Cooley, Const. Lim.*, 468. As an apt illustration of this principle, the case in our own Reports

may be referred to, of *Hollingsworth vs. McDonald,* 2 *H. & J.,* 230. In that case a defective acknowledgment of a deed by a married woman was held to be cured and made effective by a curative Act of the Legislature, passed after the case had been argued in the Court of Appeals, but before final decision and judgment rendered. Many cases could be cited to the same effect.

Upon the case as presented we find nothing to support the claim of the appellants, and the decree of the Court below must be affirmed, with costs to the appellees.

*Decree affirmed.*