## Davis, Appellant, *v.* Smith et al.

*Practice, Supreme Court—Appeals—Paper books—Statements of questions involved—Assignments of error.*

1. Statements of questions involved which are not made the subject of an assignment of error cannot be considered by the Supreme Court.

*Workmen's compensation law—Workmen's Compensation Board —Findings of fact—Appeals.*

2. The lower court properly dismissed an appeal from the decision of the Workmen's Compensation Board which involved only questions of fact, as the courts are not permitted to inquire into findings of fact by the Workmen's Compensation Board based upon conflicting evidence.

Argued Oct. 3, 1918. Appeal, No. 66, Oct. T., 1918, by plaintiff, from order of C. P. Armstrong Co., Dec. T., 1917, No. 118, dismissing appeal from order of Workmen's Compensation Board, in case of Nellie Lenora Davis v. W. H. and S. A. Smith. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and Fox, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board. Before KING, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the appeal. Plaintiff appealed.

*Error assigned* was the order of the court.

*A. L. Ivory,* with him *C. E. Harrington,* for appellant.

*H. A. Heilman,* for appellee.

PER CURIAM, October 23, 1918:

Neither the first nor the second question appearing in appellant's statement of the questions involved in this

appeal is made the subject of any assignment of error, and they cannot therefore be considered. The second and third assignments merely complain of the disallowance of appellant's claim by the referee and the Workmen's Compensation Board, and the first, of the court's dismissal of her exceptions to the action of the board. The order of the court below is affirmed at appellant's costs on the following from its opinion dismissing her exceptions: "We are of the opinion that, in this particular instance, the said board did not exceed its powers. The exception as to that should not be sustained. The other exceptions would lead us into the domain of the facts involved in the case and would require us to find differently from the board before we could reverse its award. Were we allowed to investigate independently with respect thereto, we might arrive at a different conclusion from that reached by the board, but into this domain, when there is conflicting evidence, we are not allowed to enter. It has been judicially determined that the findings of fact by the Workmen's Compensation Board, upon appeal from a referee, are final and cannot be disturbed by the courts: Poluskiewicz v. Philadelphia & Reading Coal & Iron Co., 257 Pa. 305."