Allen, J.
 

 Section 1465-90, General Code, in the form in which it is found in 109 Ohio Laws, 296, is the statute conceded by counsel to be applicable to this case. The appeal was filed in the court of common pleas prior to the effective date of the amendment of 1925 (111 Ohio Laws, 227), and hence is a proceeding within the provisions of Section 26, General Code, which ripened into an action upon the appeal from the denial of the claim, so that the amendment of 1925 is not applicable in the trial.
 
 Industrial Commission
 
 v.
 
 Vail,
 
 110 Ohio St., 304, 143 N. E., 716. After providing for a certification of a copy of the record of the Industrial Commission to the court of common pleas, the section in question provides that the claimant Shall be “entitled to a trial in the ordinary way, and be entitled to a jury if he demands it,” and that the court or jury “shall determine the right of the claimant upon the evidence contained in such record and no other evidence and if they determine the right in his favor, shall fix his compensation within the limits under the rules prescribed in this act.”
 

 Section 1465-90 was amended in 1925 to provide that, if the commission rejects a claim, the claimant may ask for a rehearing, which must be granted by the commission, and of which the claimant and
 
 *340
 
 the employer shall have at least one week’s prior notice. The amendment further provides that at the hearing evidence for and against the allowance of the claim shall be submitted, as in the trial of civil actions. The commission at this rehearing shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to rulings of the commission thereon; and if the commission refuses to admit any evidence the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statements shall be made a part of the record of such rehearing. Thereafter, in the event of an appeal to the court of common pleas, the court, or the jury under the instructions of the court, if a jury is demanded, is to determine the right of the claimant to participate or to continue to participate in such fund upon the evidence contained in such record, and no other evidence; but the court may exclude from the evidence such portions of the transcript as are not competent, material, or relevant evidence, and to which objection was made or exception taken at such rehearing before the commission, and may admit in evidence such competent, material, or relevant evidence as was excluded by the commission at such rehearing, over the objection and exception of the party offering the same.
 

 Since the instant case does not arise under the amendment of 1925, we do not construe the amended statute, nor make any adjudication thereon.
 

 The record herein consists of affidavits executed and statements made upon various occasions, and
 
 *341
 
 of the reports and recommendations of investigators. It also includes certain correspondence, for instance, a letter from the Associated Charities of Cincinnati to the Industrial Commission. All of these statements and affidavits were taken
 
 ex parte.
 
 In the sense that the word “evidence” is used with regard to the ordinary trial, there was no competent evidence contained in the record filed in the court of common pleas. Counsel on both sides of the controversy agreed that the affidavits should go to the jury, and this was the only part of the record which the trial court received in evidence. The court refused to submit to the jury the rest of the statements, reports, and correspondence in the file of the Industrial Commission, no doubt because of the fact that the court considered that these documents did not constitute competent evidence.
 

 The statute (Section 1465-90), as enacted in 103 Ohio Laws, 88, provided that the claimant on appeal should be “entitled to a trial in the ordinary way, and be entitled to a jury if he demands it;” and this provision was retained in the enactments of 107 Ohio Laws, 162,108 Ohio Laws, part I, 322, and 109 Ohio Laws, 296 (the amendment of 1921 which governs the instant case). The meaning of “trial in the ordinary way” is not difficult to determine. Section 11447, General Code, outlines the conduct of a trial, and among other things provides that the party who would be defeated, if no evidence were offered on either side, must produce his evidence, and the adverse party must then produce his evidence. Perhaps the most essential feature of a trial “in the ordinary way” under the General
 
 *342
 
 Code is that the party who has a claim is entitled to prove it; and the Legislature in 109 Ohio Laws, 296, reenacted the requirement that the trial should be “in the ordinary way.” Hence it is plain that the Legislature deemed it advisable in these controversies to retain a trial in which the claimant should have a right to present evidence on his own behalf, to examine his own witnesses, and to cross-examine the witnesses proffered upon the other side.
 

 Now, if the record of this case on appeal is to be held to present simply the “evidence” in the record, none of which was admissible evidence, and all of which consisted of
 
 ex parte
 
 statements, recommendations, and conclusions, which, with the exception of his own statement, claimant had no opportunity to proffer, the truth and scope of which he had no opportunity whatever to test, he certainly would not have a trial “in the ordinary way.”
 

 It is claimed on behalf of the Industrial Commission that,-if the statute is conflicting in its provisions, that part of the act which comes last must prevail, and some authority is cited for this contention. However, it is the general rule that in such a situation, where a statute contains conflicting provisions, the court should carry out the fundamental purpose of the act. This is the general rule laid down in a number of important cases.
 
 Kennerson, Adm’x.,
 
 v.
 
 Thames Towboat Co.,
 
 89 Conn., 367, 94 A., 372, L. R. A., 1918A, 436;
 
 Smith
 
 v.
 
 Board of Trustees of Barnes City,
 
 198 Cal., 301, 245 P., 173;
 
 Hall
 
 v.
 
 State,
 
 39 Fla., 637, 23 So., 119;
 
 Holbrook
 
 v.
 
 Holbrook,
 
 18 Mass., (1 Pick.), 248. In
 
 Smith
 
 v.
 
 Board of Trustees, supra,
 
 it was held
 
 *343
 
 that where different provisions of an act are in irreconcilable conflict, the provision which is more in harmony with the fundamental purpose of the statute should prevail, without regard to whether it comes first or last in order of position. Other cases which hold that the apparent intention of the Legislature is to be preserved by the court in interpreting inconsistent and conflicting provisions in statutes are
 
 People ex rel. Mason
 
 v.
 
 McClave,
 
 99 N. Y., 83, 1 N. E., 235;
 
 Commonwealth
 
 v.
 
 Inhabitants of Cambridge,
 
 37 Mass., (20 Pick.), 267;
 
 Huston
 
 v.
 
 Scott,
 
 20 Okl., 142, 94 P., 512, 35 L. R. A., (N. S.), 721;
 
 Torrance, Adm’r.,
 
 v.
 
 McDougald,
 
 12 Ga., 526;
 
 Burke
 
 v.
 
 Monroe County,
 
 77 Ill., 610.
 

 In
 
 State ex rel. Patterson
 
 v.
 
 Bates,
 
 96 Minn., 110, 104 N. W., 709, 113 Am. St. Rep., 612, it was held in the syllabus:
 

 “Where the first section of a statute conforms to the obvious policy and intent of the legislature, it is not rendered inoperative by inconsistent provisions in a later section which do not conform to this policy and intent. In such case the later provision is nugatory and will be disregarded.”
 

 Now, what was the obvious and fundamental purpose of the provision for appeal from the judgment of the Industrial Commission? It was to give the claimant a right to be heard upon his claim. If at some point in the proceeding before the Industrial Commission he had had an opportunity to present his own testimony, and that of his own witnesses, he would have had a hearing, but this record neither establishes that he had prior notice of the consideration given his claim upon October 7, 1924, nor that at any time in the
 
 *344
 
 proceedings before tbe Industrial Commission he had had an opportunity to present evidence which he himself had gathered and to subject to the searching scrutiny of cross-examination the evidence gathered in opposition to his. claim.
 

 We think the fundamental purpose of the Legislature in this enactment was to give the claimant an opportunity to present his case. The statute would not be constitutional unless the claimant was given an opportunity to present his case at least at some one stage in the proceedings, for it would violate the constitutional provision as to due process of law. Article I, Section 16, Ohio Constitution, Fourteenth Amendment to Federal Constitution.
 

 We therefore hold' that the fundamental purpose and intent of the Legislature in providing for trial in the ordinary way, and for trial by jury, was to allow a hearing in which the claimant could offer his own evidence and could test the evidence offered in opposition, and that the phrase of the section as found in the previous form of the statute (109 Ohio Laws, 296), which reads that the trial shall be “upon the evidence contained in such record and no other evidence,” is so irreconcilably in conflict with the fundamental purpose of the provision as to appeal as to be unenforceable.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.