## INDUSTRIAL COMM. v. SYLVA

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7980. Decided Feb. 6, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

631. INDUSTRIAL COMMISSION—85. Appeal—480. Evidence.
On appeal from Industrial Commission to Common Pleas Court, evidence, other than that which was contained in the record made before the Industrial Commission, may be properly introduced. (Industrial Comm. v. Hilshorst, 117 OS. followed.)

Error to Common Pleas.
Judgment affirmed.

Guy R. Wheeler, Cleveland, for Industrial Commission.

John H. McNeal, Cleveland, for Sylva.

FULL TEXT
VICKERY, J.

This case comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County, and was brought here on error by the Industrial Commission to reverse a judgment rendered in the Court of Common Pleas of this County in favor of the defendant in error.

The only question that was presented in the record was that in the court below, plaintiff offered evidence other than that which was contained in the record which was made before the Industrial Commission of Ohio, which such evidence was permitted to be introduced and was received by the Court of Common Pleas. This was done over the objection of the Industrial Commission and to which ruling an exception was taken, and the only question that was raised in this court was that the court erred in permitting this evidence in contradiction to the statute, Section 1465-90 which provides, in effect, that on an appeal from the Industrial Commission to the Common Pleas Court, the case shall be tried on the evidence which was introduced before the Commission and no other evidence shall be introduced.

This is no longer subject to any question because the Supreme Court in the case of Industrial Commission of Ohio v. Hilshorst, 117 Ohio State, and found in Ohio Law Bulletin

and Reporter for December 19, 1927, the Supreme Court held that this provision was ineffectual and unenforcible, because it denied a litigant his proper rights in the court after having given him the right to appeal. The syllabus of that case is as follows:

"1. That portion of Section 1465-90, General Code, as enacted in 109 Ohio Laws, 296, which provides that upon a trial of an appeal from a final order of the Industrial Commission denying a claim for compensation for injuries sustained in the course of the claimant's employment, the right of the claimant shall be determined 'upon such evidence contained in the record and no other evidence,' is so inconsistent with the provision in the same section that the claimant shall be 'entitled to a trial in the ordinary way, and be entitled to a jury if he demands it,' that it is irreconcilable therewith.

"2. Where different provisions of an act are in irreconcilable conflict, that provision which is most in harmony with the fundamental purpose of the statute must prevail."

This disposes of the entire question. As there are no other errors complained of in this record, the judgment will be affirmed.

(Sullivan, PJ. and Levine, J., concur.)