Zimmerman, J.
Relatrix maintains Section 1465-90, General Code, is applicable, and controlling of the controversy. Respondent insists such section is not applicable and that relatrix is bound by the provisions of the Public Work-Relief Compensation Act, hereinafter described.
*539 On November 27,1934, this court rendered a decision to the effect that a “relief worker” receiving a wage “under any appointment or contract of hire” with one of the political subdivisions of the state named in Section 1465-61, General Code, is entitled to the benefits of the Workmen’s Compensation Law, when injured in the course of his employment. Industrial Commission v. McWhorter, 129 Ohio St., 40, 193 N. E., 620, 96 A. L. R., 1150.
Following such decision, the General Assembly passed the legislation commonly known as the “Public Work-Relief Employees’ Compensation Act,” effective May 17, 1935, and embraced in Sections 3496-1 to 3496-16, inclusive, General Code. (116 Ohio Laws, 212-217.)
Section 3496-1, General Code, is devoted to definitions. Section 3496-2 states that all sections of the General Code relating to the Workmen’s Compensation Law of Ohio, as amended (Sections 1465-37 to 1465-112), shall apply to the Public Work-Relief Compensation Act, except as otherwise provided. Section 3496-15 enumerates the sections of the Workmen’s Compensation Law which shall not be applicable to the work-relief act, and includes among them Section 1465-90, “relating to the right of appeal.”
Section 3496-3 recites: “The provisions of this act shall apply to all xvork-relief employees who are injured and to the dependents of such as are hilled, whether such injury or death occurs prior to the operative date of this act or subsequent thereto.” (Italics ours.)
Relatrix concedes, so far as she is concerned, that “the Public Work-Relief Employees’ Compensation Law provides practically the same relief [as to compensation] as is provided under the Workmen’s Compensation Law.”
The pertinent part of Section 1465-90, General Code *540 (effective in 1925), states in substance that when the Industrial Commission denies a claim on jurisdictional grounds, the claimant within a prescribed time may file an application for rehearing. Upon such rehearing, evidence for and against the allowance of the claim shall be submitted as in the trial of civil actions. If the commission then denies the claim again on jurisdictional grounds, the claimant may have an appeal to the Court of Common Pleas, where the court, or the jury under instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the State Insurance Fund, solely upon the evidence contained in the rehearing record.
On the other hand, Section 3496-13, General Code, provides that when a claim is denied on jurisdictional grounds, the claimant within a prescribed time may file an application for a finding of facts and conclusions of law, which the Industrial Commission shall prepare and send to the claimant within thirty days after the receipt of the application. Then within sixty days from the receipt of such finding of facts and conclusions of law, the claimant may file his petition in the Court of Common Pleas against the Industrial Commission, and within ten days after filing its answer the commission shall certify to such court a copy of its finding of facts and conclusions of law, whereupon the court shall determine the right of the claimant to receive compensation, death benefits, etc., upon the facts contained in such finding and no other facts.
Any right of relatrix to compensation became vested in accordance with the provisions of the applicable statutes existing at the death of her husband, for it Wfis definitely held in Industrial Commission v. Kamrath, 118 Ohio St., 1, 160 N. E., 470, that the cause of action of a dependent of a killed employee accrues at *541 the time the employee dies from an injury received in the course of his employment, and the statutory law in force upon such date is the measure of the right, not subject to enlargement or diminishment by the Industrial Commission, the courts or the Legislature. See 42 Ohio Jurisprudence, 597, Section 22.
But when the Industrial Commission disallows, on jurisdictional grounds, the claim of a dependent of a deceased “relief worker” whose death is alleged to be due to an accidental injury sustained in the course of his employment, may the claimant proceed under Section 1465-90, General Code, applicable when such “relief worker” died, or is the claimant governed by a later retroactive statute of specific application?
If relatrix obtained a vested right in the procedure prescribed by Section 1465-90, General Code, when her husband died, then she should prevail in this action; but if Sections 1465-90 and 3496-13, General Code, are purely remedial in character, then..she must fail, because Section 3496-13, General Code (conceding its constitutionality), is a later enactment made specifically applicable to “relief workers” and their dependents, regardless of the date of injury or death.
It was held in Industrial Commission v. Vail, 110 Ohio St., 304, 143 N. E., 716, that the filing of an application for compensation with the Industrial Commission is a proceeding within the meaning of Section 26, General Code, governed thereafter in all respects, including appeal, by the laws in force at the time of filing the original claim. State, ex rel. Podley, v. Industrial Commission, 127 Ohio St., 583, 190 N. E., 407; 42 Ohio Jurisprudence, 682, Section 94.
In explanation of the Vail and Podley decisions, it becomes necessary to examine Section 26, General Code, which gives all new laws a prospective operation unless otherwise expressly provided, and to bear in *542 mind that the various amendments of Section 1465-90, General Code, carried no retroactive or retrospective provisions.
While Section 28, Article II, of the Ohio Constitution, denies to the General Assembly the power to pass retroactive laws, it has often been decided such inhibition has reference only to laws which create and ■define substantive rights, and has no reference to remedial legislation. A fundamental distinction exists between a law changing accrued rights and a law which changes the remedy for the enforcement of those rights. Smith v. N. Y. Central Rd. Co., 122 Ohio St., 45, 48, 170 N. E., 637; 8 Ohio Jurisprudence, 563, Section 428; 37 Ohio Jurisprudence, 817, Section 497.
The General Assembly’s authority to pass legislation creating a state fund by compulsory contribution thereto by employers to compensate workmen and their dependents for disability or death suffered by such workmen in the course of their employment, is contained in Section 35, Article II, of the Ohio Constitution. A part of that section reads:
“Laws may be passed establishing a board * * * to collect, administer and distribute such fund, and to determine all rights of claimants thereto.” (Italics ours.)
Neither appeal nor trial by jury is mentioned in the constitutional amendment, and it was stated in Industrial Commission v. Monroe, 111 Ohio St., 812, 813, 146 N. E., 213: “The Legislature by the state Constitution is given the right to enact laws relative to the compensation fund; the right of appeal is a statutory right and by legislative action this right may be given or denied.” 42 Ohio Jurisprudence, 711, Section 113, and 717, Section 116; 8 Ohio Jurisprudence, 244, Section 140, and 535, Section 403.
Although the constitutional amendment apparently-permits the General Assembly to accord finality to the *543 decisions of the Industrial Commission on questions of fact appertaining to the right of claimants to compensation, it has never been recognized that the intent of such amendment is to deprive an aggrieved party of his “day in court” on questions of law. Compare Slatmeyer v. Industrial Commission, 115 Ohio St., 654, 155 N. E., 484; Pittsburgh Coal Co. v. Industrial Commission, 108 Ohio St., 185, 140 N. E., 684; 42 Ohio Jurisprudence, 700, Section 108.
We then revert to the question whether relatrix had a vested right to a rehearing and appeal under Section 1465-90, General Code, which attached at her husband’s death, or is that section remedial, for which the General Assembly might substitute effectively an enactment like Section 3496-13, General Code?
In 28 Ruling Case Law, 715, Section 5, this language appears: “In harmony with the established principle that legislative enactments, in the absence of a clearly expressed intent to the contrary, will be deemed to be prospective and not retrospective, workmen’s compensation acts have been held not to apply to injuries which occurred before the law went into effect. On the same principle it is held that an amendment of the statute in respect of a matter of substantive right does not apply to existing injuries. * * * since the claim of a dependent accrues at the death of the workman, an amendment enacted after the injury but before the death applies to such claim. If the amendment relates to a matter of procedure, as distinguished from substantive right — such for example as the mode of review — it is held to be applicable to pending proceedings.” See also Otis Elevator Co. v. Industrial Commission, 302 Ill., 90, 93, 134 N. E., 19, 20.
The case of County of Miami v. City of Dayton, 92 Ohio St., 215, 219, 110 N. E., 726, contains the statement: “A statute undertaking to provide a rule of practice, a course of procedure or a method of review, *544 is in its very nature and essence a remedial statute.”
It is therefore difficult to avoid the conclusion that any right of appeal or review given by statute from an order of the Industrial Commission to a court must be classed strictly as a remedy.
Relatrix urges that the privilege of a jury trial afforded by Section 1465-90, General Code, is a substantial right, and does not involve merely a question of procedure, citing Cleveland Ry. Co. v. Halliday, Admr., 127 Ohio St., 278, 188 N. E., 1. However, the pronouncement there is contemplative of civil cases lodged in the Court of Common Pleas in which litigants are entitled to trial before a jury of twelve persons (24 Ohio Jurisprudence, 160, Section 25), and of which they may not be deprived by court rule. A different situation is presented where a jury trial is dependent upon the right of appeal under a remedial statute. If the availability of the statute is removed, the benefit of a jury trial goes with it.
The case of Thomas v. Pennsylvania Rd. Co., 162 Md., 509, 513, 160 A., 793, 795, related to the appeal of a death claim disallowed on jurisdictional grounds by the state Industrial Accident Commission of Maryland. Claimant unsuccessfully sought to escape the operation of a procedural statute enacted subsequent to both the disposition of the claim before the commission and the entering of the appeal. In the opinion of the Maryland Court of Appeals, this language was used:
“The appellant can have only the existing law applied to govern her appeal. * * * In this special, peculiar, proceeding before the court, which the Legislature has devised, it is not required by the constitution that any jury at all should be allowed. The Legislature is free to shape the proceeding without giving an option to the use of a jury on the facts. Branch v. Indemnity Ins. Co., 156 Md., 482, 489, 144 A., 696. It *545 is conceded, indeed, that here, too, no review of facts need be allowed, that a right of review might be given on the law only, as in the familiar instances of appeals from the rulings of the state tax commission.”
As previously indicated, a fair interpretation of Section 35, Article II, of the Constitution, authorizes the General Assembly to accord finality to the decisions of the Industrial Commission on questions of fact connected with the right of a claimant to compensation. Section 3496-13, General Code, adopts that interpretation and furnishes the aggrieved claimant a remedy in “due course of law” by allowing resort to the Court of Common Pleas on quéstions of law. “Relief workers” and their dependents, as an outgrowth of the times, constitute a distinct class, subject to special legislation. Consequently, we can discern no features of invalidity in the statutes on constitutional grounds.
Relatrix’s quarrel is with the legislative branch of the government and not with the judicial. This court may not concern itself with the alleged injustice of Section 3496-13, General Code, but is restricted to determining the power of the General Assembly to pass such retroactive legislation. Being of opinion the power existed, the motion of respondent to dismiss the amended petition is sustained, and since this ruling is clearly dispositive of the case, the writ will be denied.

Writ denied.

Weygandt, C. J., Matthias and Myers, JJ., concur.
Day and Williams, JJ., dissent.
Jones, J., not participating.