By the Court.
 

 In this case,
 
 Industrial Commission
 
 v.
 
 Monroe,
 
 it appears that Wilbert Monroe died on May 3, 1922, suffering from what was claimed to be an occupational disease known as lead poisoning. An application was made by his parents, defendants in error, to the Industrial Commission for compensátion, which was refused. An appeal was prosecuted to the court of common pleas of Perry county, and a finding made in favor of the applicants for compensation. Error was prosecuted to the Court of Appeals, which court affirmed the finding of the court of common pleas.
 

 The sole question for determination is whether by the terms of Section 1465-68&, General Code, this action was appealable from the findings of the Industrial 'Commission. That section reads a.s follows:
 

 “Every employe mentioned in the next preced
 
 *813
 
 ing section and the dependent or dependents of such employe and the employer or employers of such employe shall be entitled to all the rights, benefits and immunities and shall be subject to all the liabilities, penalties and regulations provided for injured employes and their employers by Sections 1465-44 to 1465-108, General Code, inclusive,
 
 save, and except
 
 Section 1465-90, General Code, which shall not apply to any case involving occupational disease, and also subject to such other modifications or exemptions hereinafter provided.
 

 “The Industrial Commission shall have all of the powers, authority and duties with respect to the collection, administration and disbursement of the state occupational disease fund a© are provided for in Sections 1465-44 to 1465-108, General Code, inclusive, providing for the collection, administration and disbursement of the state insurance fund for the compensation of injured employes.”
 

 It is claimed on the part of the Industrial Commission that in cases of this character its findings are final, and that the right of appeal given by Section 1465-90 is taken away. The Legislature by the state Constitution is given the right to enact laws relative to the compensation fund; the right of appeal is a statutory right and by legislative action this right may be given or denied. The sole question, then, being whether in occupational disease oases the Legislature intended to allow an appeal, a majority of the court are of opinion that the plain letter of the statute denies this right.
 

 It is not for this court to pass upon the wisdom or reasons for denying such privilege. At com
 
 *814
 
 mon law there was no liability for damages for occupational diseases, but by statute, (109 O. L., 183), the Legislature has classified in 15 different divisions diseases occupational in character that are compensable, and in granting this right it by the same act denies the privilege of appeal. It would seem that any injury which the spirit and letter of the Compensation Act regarded as entitled to compensation should be placed upon the same footing as other injuries with respect to the right to have a denial of compensation reviewed upon appeal, but the Legislature has seen fit to provide otherwise, and we cannot deny its right so to do.
 

 The conclusion of the majority therefore is that the right of appeal in this cáse has not been granted, and that the Court of Appeals erred in affirming the court of common pleas in allowing an appeal to be taken.
 

 The judgment of the Court of Appeals is therefore reversed, and final judgment rendered for plaintiff in error.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias, and Day, JJ., concur.
 

 Allen and Conn, JJ., dissent.