Weekly Edition, One Year (50 issues) Payable in Advance ..................................... $15.00

Discount for advance payment $3.00, making the net price .................................... 12.00

Including Quarterly Digest, to paid subscribers, no extra charge.

Including Binding of Weekly Parts at end of year, if paid in advance, net...................... 13.50

Including One Annual Digest, at end of year, and binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ..'............................. .35

Receiving Abstract after expiration date, considered as authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning.........................Business Director
Sheldon R. Laning....................Editorial Director

EWERS, ADMX. v. BUCKEYE CLAY POT. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2026. Decided Mar. 19, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

1283. WORKMEN'S COMPENSATION — 829. Negligence.

1. Administrator of employe who dies of occupational disease not compensable under statute, cannot recover on ground of negligence.

2. Art. II, Sect. 35 of Ohio Constitution, held bad if such recovery.

Error to Common Pleas.

Judgment affirmed.

James H. Boyd and Scott Stahl, Toledo, for Ewers, Admx.

Marshall, Melhorn, Marlar & Martin, Toledo, for Buckeye Clay Pot Co.

### FULL TEXT.

LLOYD, J.

Plaintiff in error and defendant in error will be referred to as plaintiff and defendant.

The defendant, The Buckeye Clay Pot Company, was engaged in the manufacture of tile, pots and other burnt clay products. The plaintiff is the administratrix of the estate of Chauncy Ewers, who died on March 18, 1925, and who, for approximately thirteen years prior thereto, had been an employe of defendant. Defendant was subject to and had complied with the Workmen's Compensation Law. During the decedent's employment he contracted non-tubercular fibrosis of the lungs caused by inhaling dust produced from the clay and other ingredients used in the manufacture of defendant's products. After his death his widow, Blanche Ewers, filed a claim for compensation with the Industrial Commission of Ohio for injuries received by accident in the course of his employment, which caused his death, which being disallowed, she filed a claim with the Commission for compensation on the ground that the death of Ewers was caused by an occupational disease contracted by him while an employe of the defendant. This claim was also rejected by the Industrial Comsission on the ground that the disease contracted by the decedent, and commonly known as "potters' consumption," was not among those mentioned in Sec. 1465-68a, G. C. An appeal from this finding was prosecuted to the Court of Common Pleas, the trial of which resulted in a judgment for the plaintiff. This judgment was reversed by this court of appeals upon the ground that the death of Mr. Ewers resulted from an occupational disease not compensable under Sec. 1465-68a, G. C. Final judgment was entered in favor of the Industrial Commission, which the Supreme Court declined to review. Thereupon the plaintiff administratrix commenced an action against the defendant to recover damages for the benefit of the next of kin of decedent for his death which it is alleged was caused by the negligence of the defendant in that the defendant, knowing of the danger to plaintiff of inhaling the dust created in the manufacture of its products, did not warn him thereof and that the defendant, by the use of certain enumerated appliances might have avoided such danger; that the plaintiff did not know and in the exercise of ordinary care would not have known of the danger incident to his employment and had not equal means with defendant of knowing thereof. The defendant filed an answer to this second amended petition of plaintiff, to which plaintiff filed no reply. Upon the trial and before any evidence was offered, the defendant moved the court for judgment on the pleadings, which motion was granted, and plaintiff not desiring to plead further, her second amended petition was dismissed at her costs.

That the disease contracted by decedent was an occupational disease and not one included among those enumerated in Sec. 1465-68a, G. C., was finally adjudicated on the appeal from the finding of the Industrial Commission herein above referred to, and also clearly appears in plaintiff's second amended petition.

That no recovery could be had at common law for an injury to or death of an employe, due to an occupational disease, was decided by the court of appeals of this district in the unreported cases of Keckler, Admx. vs. Willys-Overland Co., 18 Court of Appeals Reports, unreported. p. 262, and Hejnicki vs. Willys-Overland Co., 23 Court of Appeals Reports, unreported, p. 104, and was also so decided in Zajachuck vs. Willard Storage Battery Co., 106 Ohio St., 538 and in Industrial Commission vs. Monroe, et al., 111 Ohio St., 812.

Since Section 35, Article II of the Constitution and the legislation enacted conformably thereto, provide with certain exceptions not here involved, that employers complying therewith shall not be held to respond in damages at common law or be sued for injury or death of any employe, and since the death of Ewers resulted from an occupational disease which, although not one compensable under the workmen's compensation law is nevertheless not an injury for which an action at law can be maintained, it is obvious that the judgment of the Court of Common Pleas must be and accordingly is affirmed.

(Richards and Williams, JJ., concur.)