LEE, a minor, etc v MABLEY & CAREW CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4425. Decided Jan 8, 1934

Cedric Vogel, Cincinnati, for plaintiff in error.

LeBlond, Morrissey, Terry & Gilday, Cincinnati. and J. Paul McQueen, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The law on the subject in Ohio is in a somewhat confused state, as shown by the authorities hereinafter referred to.

If the plaintiff, plaintiff in error here, has any right to participate in the State Insurance Fund under the Workmen's Compensation Law, she would have no cause of action.

**Sec 35 of Article II of the Ohio Constitution** provides, among other things:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers,

and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. Laws may be passed establishing a board, etc. Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employes, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; * * *. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, * * *."

Pursuant to this section of the Constitution, the Legislature of Ohio enacted laws under the provisions of the Constitution to carry the same into effect.

Defendant claims that §35 of Article II of the Constitution and the laws enacted pursuant thereto furnish defendant complete immunity from suit by an employe.

Under the allegations of the petition, it is clear that the plaintiff has no relief under the Workmen's Compensation Act.

It is suggested in the brief of counsel that the defendant is protected under the constitutional provision, notwithstanding any provisions of the legislative acts. This position is not tenable, for the reason that §35 of Article II is not self-executing. It provides: "laws may be passed." So whether or not the plaintiff has any rights under her allegations under the Workmen's Compensation law must be determined under the laws passed by the legislature, as construed by the Supreme Court of Ohio.

The provision of the Constitution in providing compensation is "for death, injuries or occupational disease". Later in the constitutional provision, it is stated, that the board, which it is provided shall be established by law, shall have full power and authority to hear and determine whether or not the injury, disease, or death resulted

because of such failure by the employer, and a penalty may be added.

This discloses that by disease they are referring to the provision providing compensation for occupational disease. Compensation may be had only for occupational disease, and unless compensation was awarded no penalty could be added, which indicates that it is compensable diseases that are being referred to. The law passed by the legislature defines occupational diseases. Physical exhaustion and nervous breakdown are not within the defined terms, and are not compensable. "Injury" has been defined by the Supreme Court as referring to an injury accompanied by trauma of some character. The allegations of the petition do not bring the plaintiff within the law and the decisions construing the same and gives the plaintiff no rights under the Workmen's Compensation Law.

It is suggested by counsel that plaintiff is anticipating the decision of the Industrial Commission; and that she cannot know whether the Commission would classify her injury or disease as compensable until the matter was referred to it.

The Supreme Court of Ohio in at least two cases held that where a claimant makes a claim with the Industrial Commission and is denied relief, that action constitutes a waiver of any claim at common law.

The suggestion that she first file her claim with the Commission, would be to require an act which would completely bar any rights at common law.

Our conclusion on the point is, there is no allegation in the petition under which the plaintiff could successfully claim compensation under the Workmen's Compensation Law, and the filing of the claim with the Industrial Commission would result in a disallowance under the Workmen's Compensation Law and be a bar to any rights at common law.

The next question for consideration is whether or not the petition states a cause of action under the common law, and whether or not she can maintain such an action.

The decisions of the Supreme Court of Ohio, as heretofore stated, are in confusion on this point.

The first case in which some pronouncement bearing on the question appears is **Industrial Commission of Ohio v Brown, 92 Oh St, 309.** In that case the court was passing on the claim arising from an occupational disease. The law did not at that time include any allowance for occupation-

al disease. The court in the course of the opinion stated:

"Manifestly the terms 'personal injury' and 'personal injuries', above mentioned, refer to common law conditions and liabilities, and do not refer to and include occupational diseases, because an employe had no right of action for injury or death due to occupational diseases at common law, but, generally speaking, only accidents, or, rather, accidental injuries, gave a right of action."

This would indicate the view of the court that no action existed at the common law for occupational diseases, and would indicate if there was no common law action for occupational diseases, none would exist for any disease.

In the case of **Industrial Commission of Ohio v Roth, 98 Oh St, 34,** the court was again passing upon the claim for an occupational disease. This decision bears on whether or not the allegations of the petition bring the claim within the term "occupational disease", as used in the constitution and the law. The court, in the closing paragraph of the opinion of Donahue, Judge, says:

"We are therefore of the opinion that the term 'occupational disease' must be restricted to a disease that is not only incident to an occupation, but the natural, usual and ordinary result thereof; and held not to include one occasioned by accident or misadventure."

This would indicate that the court was of the mind that the disease pleaded in this action would not be included within the term "occupational disease," as used in the law.

We are next confronted with the decision in the case of **Victor Rubber Co. v Robbins, Admrx., 101 Oh St, 536.** In that case, Robbins, Administratrix, brought suit against the Rubber Company for the death of Robbins. Death was caused from typhoid fever, as a result of drinking water from a polluted well, located and maintained by the defendant company. Prior to this suit, this court, in the case of Industrial Commission of Ohio v Mary A. Cross, decided September 12, 1921, had held that death from typhoid fever resulting from being furnished water from a polluted spring for drinking purposes by an employer to an employe was compensable under the Workmen's Compensation Law. The Supreme Court reversed this court in that case holding that

it was not compensable. **Industrial Commission v Cross, et, 104 Oh St 561.**

In the Robbins case, no claim was filed with the Industrial Commission. The suit was direct against the Rubber Company under the common law.

The Supreme Court of Ohio, in deciding the case, stated:

"This court finds that the allegations of the petition concerning the construction, location and maintenance by the defendant of the well referred to and described in the petition, and the further allegations with reference to the injury caused to the decedent thereby **constituted a liability and a cause of action against the plaintiff in error, which was not removed by the provisions of the Workmen's Compensation Act.**"

The judgment affirmed the Court of Appeals, which court had affirmed the Court of Common Pleas, sustaining the common law action.

In the case of **Lopez, etc. v King Bridge Co., 108 Oh St, 1,** the court was passing upon the rights of a minor to sue his employer direct, after being refused relief by the Industrial Commission under the Workmen's Compensation Act. Judge Day, in the course of the opinion, says:

"In such cases the employe or his representative may exercise his option either to institute proceedings under the act for damages or to make application for an award. But the seection of one of these remedies is a waiver of the right to pursue the other."

The case of **Mueller, etc. v Eyman, etc., 112 Oh St, 337,** was another case in which a minor made claim to the Industrial Commission, and, afterward, on denial of the right to participate in the State Insurance Fund, brought an action direct. The court held that the minor having elected his remedy, he was bound thereby and could not afterwards bring suit direct against the employer. In the course of the opinion Judge Jones states:

"Penal statutes prohibiting employment of minors are neither repealed nor made ineffective by the Workmen's Compensation Act; they can still be enforced, but such statutes do not preclude the Legislature from exercising the powers, conferred on it by §35, **Article II, of the Constitution,** of defining who shall be workmen or employes."

The effect of the opinion is that the minor had his election to sue the employer direct or to make an application to the Industrial Commission, but having made application to the Industrial Commission, he is estopped to maintain an action for damages as a result of the violation of the statute.

Zajowski v American Steel & Wire Co., 258 Fed. Rep., 9, in the United States Circuit Court of Appeals for the 6th District, was a case where the employe sued the employer direct. The case arose in Ohio and the Workmen's Compensation Law of Ohio was in effect. The action, as above stated, was brought against the employer direct,' and was a claim for damages for injuries to his eyes from the intensity and location of certain electric lights, and defective machinery, and lack of necessary assistance. The United States Circuit Court, speaking through Judge Warrington, states:

"In the view of the learned trial judge, the Workmen's Compensation Act gave to defendant immunity from any right of action that might otherwise have accrued to plaintiff under the facts alleged in his petition."

The court proceeds to state that the injury complained of was not the result of an occupational disease. It was therefore not compensable under the Workmen's Compensation Act. Judge Warrington proceeds in the opinion to state:

"The case set out in the petition falls well within the principles of the common law. The general rule is that where an employer places and continues an employe for a substantial length of time in the regular performance of work and under conditions which, in the absence of preventive means and precautions, are calculated to engender in the employe a disorder of serious and injurious character, regardless of the name by which the disease is known, it is the duty of the employer to warn and instruct the employe as to the dangers and to furnish him with reasonably effective means to avoid them, and where as the direct result of failure to perform this duty an employe in the exercise of reasonable care suffers injury through a disorder so contracted, he is entitled to recover." Citing numerous cases.

It is suggested that these cases, which we have referred to, arose before the amendment which made an occupational disease compensable. The amendment in nowise changes the rules of law as to whether or not the common law action survives when no right to compensation exists under the Workmen's Compensation Act.

Judge Warrington in the last paragraph of the opinion in the American Steel & Wire case states:

"When it is remembered that plaintiff's action is based upon alleged negligence of defendant and freedom from fault of his own, the conclusion must follow that it was error to deny a right of recovery both under the common law and §6330-1 GC."

This decision reverses the decision of the trial court, which trial court stated in his opinion:

"If it does not state a cause of action under the Workmen's Compensation Law and within the exception of the Workmen's Compensation Law, it does not seem to me that the petition states any kind of cause of action."

As above shown, this pronouncement was reversed, and the right of recovery under the common law declared.

It must be remembered that the demurrer in the instant case admits her employment, her excessive hours, in violation of §12996, GC, providing for employment of minors; that the establishment where she worked was one listed under the section referred to, and that this requirement of hours of employment in violation of the law was the proximate cause of her physical exhaustion and nervous breakdown.

An analysis of all the Ohio cases and the Federal decision referred to leads us to the conclusion that the plaintiff's petition does not show a right to any claim under the Workmen's Compensation Law; that the law does not indicate any intention of the legislature to enlarge or diminish the rights of employes, except where the injury or disease is within the compensation feature of the law; that the right of the employe of recovery at common law exists; and under the law of Ohio as declared by the Supreme Court that a violation of law which is the proximate cause of the injury complained of was negligence per se, the petition alleges a cause of action, and the demurrer to the petition should have been overruled.

The judgment will be reversed, and the cause remanded to the Court of Common Pleas with instructions to overrule the demurrer and for further proceedings according to law.

The holding that the action may be maintained at common law, notwithstanding the employer is a contributor to the State Insurance Fund is in conflict with the decision of the Court of Appeals of Lucas County in the case of **Ewers, Admrx. v Buckeye Clay Pot Co., 29 Oh Ap, 396, (6 Abs 284).** We will therefore certify the case to the Supreme Court for review of the judgment.

CUSHING and ROSS, JJ, concur.