(No. 23207.—  )
Anton Vogel, Appellant, *vs.* The Johns-Manville
Products Corporation, Appellee.

*Opinion filed May 12, 1936—Rehearing denied June 11, 1936.*

Farthing and Shaw, JJ., specially concurring.

Leo M. Tarpey, and Drake H. Berg, (Charles C.
Roe, and Lloyd T. Bailey, of counsel,) for appellant.

Heth & Lister, (Lloyd D. Heth, of counsel,) for
appellee.

Mr. Justice Wilson delivered the opinion of the court:

Anton Vogel, appellant here, filed an amended com-
plaint, consisting of six counts, in the circuit court of Lake
county against the Johns-Manville Products Corporation to
recover damages in the amount of $2950 for permanent
injury to his health. The plaintiff alleged that for nine
years he had been employed in the appellee defendant's fac-
tory in the city of Waukegan and that while so employed
he was exposed to the inhalation of deleterious dusts. By

four counts the plaintiff charged that the defendant failed to perform certain duties imposed upon it by the common law, namely, warning him of the injurious character of the dust; providing a reasonably safe place in which to work; furnishing proper masks or respirators, and moistening the dusty materials used. The other two counts charged willful violations of section 1 of an act entitled, "An act to compel the using of blowers upon metal polishing machinery." These counts alleged that the plaintiff, in the pursuit of his duties as a laborer in the employ of the defendant, polished, ground, and surfaced various forms of brake-lock containing manganese, silica, asbestos, iron and steel wire, and other metal substances, and in that process used power-driven grinding machines, the revolving surfaces of which were coated with carborundum, silica, emery and other forms of abrasives, and that the defendant willfully failed to provide blowers or suction devices or other reasonable apparatus to prevent the inhalation of the noxious dusts. Each of the six counts concluded with the allegation that as a direct consequence of the defendant's willful misconduct the plaintiff contracted an incurable disease described as siderosis, pneumoconiosis, silicosis, pulmonary tuberculosis, and various other pulmonary and bronchial complications. The defendant moved to dismiss the complaint and its motion was sustained. The plaintiff elected to abide by his pleading, an order was entered dismissing the suit, and judgment for costs was rendered against him and in favor of the defendant. From that judgment the plaintiff prosecutes this appeal.

To obtain a reversal the plaintiff contends that he has a right to maintain a suit at common law against the defendant, his employer, for injuries to his health arising out of an occupational disease. This right, it is asserted, is predicated on the negligence of his employer in the respects charged in four counts of the amended complaint. The contention has been decided adversely to the plaintiff in an

opinion rendered by this court at the present term, in which we held that an employee has no common law right to recover damages against his employer for an occupational disease contracted as a result of his employment. *McCreery* v. *Libby-Owens-Ford Glass Co. (ante,* p. 321.)

In support of its motion, and the judgment, the defendant maintains that section 1 of the Blower act violates the due process provisions of the Federal and State constitutions, and also that it contravenes section 13 of article 4 of the constitution of this State. The plaintiff contends that the statute is not vulnerable to the constitutional objections interposed.

The Blower act has been in force since July 1, 1897, fourteen years before the General Assembly first recognized the existence of occupational diseases by enacting the Occupational Diseases act. (*First Nat. Bank* v. *Wedron Silica Co.* 351 Ill. 560.) Section 1 of the Blower act (Ill. State Bar Stat. 1935, chap. 48, p. 1579; Smith's Stat. 1935, chap. 48, p. 1574;) declares: "That all persons, companies or corporations operating any factory or workshop where emery wheels or emery belts of any description are used, either solid emery, leather, leather covered, felt, canvas, linen, paper, cotton, or wheels or belts rolled or coated with emery or corundum, or cotton wheels used as buffs, shall provide the same with blowers, or similar apparatus, which shall be placed over, beside or under such wheels or belts in such a manner as to protect the person or persons using the same from the particles of the dust produced and caused thereby, and to carry away the dust arising from or thrown off by such wheels or belts while in operation directly to the outside of the building or to some receptacle placed so as to receive and confine such dust: *Provided,* that grinding machines upon which water is used at the point of the grinding contact shall be exempt from the provisions of this act, and, *Provided,* this act shall not apply to small shops employing not more than one man in such work."

Section 6 of the same statute provides that any person, company, or managers or directors of any company or corporation in charge of the factories or workshops specified in section 1, who shall fail to comply with the provisions of the law, shall be deemed guilty of a misdemeanor, and subject to punishment by fine of not less than $25 nor more than $100.

The plaintiff does not charge that he suffered an accident or accidental injury as the proximate result of the alleged violations of section 1 of the Blower act. Nor does he allege that the pulmonary disease which he contracted was attributable to an accident. On the other hand, the plaintiff's complaint is predicated on his claim that the disease is occupational and not traceable to some definite time, place and cause. The statute does not purport to provide that a right of action shall accrue to an employee for damages sustained as the result of an illness which has its inception in the occupation and develops gradually from the character of the work in which an employee is engaged. The plaintiff, however, invokes the familiar rule that where a statute, although penal in character, imposes a duty for the benefit of a class of individuals, a right of action accrues to a person of that class who is injured through breach of the duty. (*Beauchamp* v. *Sturges & Burn Co.* 250 Ill. 303; *Strafford* v. *Republic Iron Co.* 238 id. 371.) This court, in the case last cited, held that a liability for damages resulting from a willful violation of the Child Labor act, which prohibited the employment of children under the age of fourteen years in a hazardous business, is created irrespective of whether it is expressly so declared in the statute, and affirmed the judgment rendered in favor of the plaintiff. The facts of that case disclose that the plaintiff was a boy thirteen years of age employed by the defendant to work in its steel mill or manufacturing establishment. While feeding angle-irons into a straightening machine he received accidental personal in-

juries which resulted in the loss of his left arm and one finger of the right hand.

The plaintiff relies upon *Greene* v. *Fish Furniture Co.* 272 Ill. 148. In that case the administrators of the estate of a deceased employee sued the defendant employer to recover damages for the employee's death caused by the alleged negligence of the employer. The negligence charged was based on willful violations of section 14 of the Factory act, approved June 4, 1909, in force January 1, 1910,—and on the day of the accident,—which provided that, "In all factories, mercantile establishments, mills or workshops, sufficient and reasonable means of escape in case of fire shall be provided, by more than one means of egress, and such means of escape shall at all times be kept free from any obstruction and shall be kept in good repair and ready for use, and shall be plainly marked as such." The action in the *Greene case* was for accidental injuries resulting in death and not for an occupational disease. Reliance is also placed upon *Streeter* v. *Western Wheeled Scraper Co.* 254 Ill. 244. This decision does not aid the plaintiff as the action was for damages suffered for accidental injuries by an employee resulting in the loss of three fingers on his left hand. The authorities invoked by the plaintiff do not sustain his contention that a right of action for an occupational disease occurring over an extended period of time accrued to him as a consequence of violations of the Blower act by his employer. Even if it be conceded that an employee has a right of action against an employer for accidental personal injuries, or from a disease attributable to an accidental injury, resulting from violations of a penal statute such as the Blower act, it does not follow that he has a like right of action for an occupational disease.

Since the plaintiff was not entitled to prosecute an action for damages to his health caused by the occupational diseases designated in the amended complaint and resulting from alleged violations of the Blower act it becomes un-

necessary for us to consider the question of whether section I of that statute transcends the constitutional limitations invoked by the defendant.

The judgment of the circuit court is right, and it is therefore affirmed.

*Judgment affirmed.*

FARTHING and SHAW, JJ., specially concurring: We concur in the result reached in this opinion but not in all that is said therein.