## McGUIRE v. SHERWIN–WILLIAMS CO.
### No. 5816.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1936.

Rehearing Denied Feb. 2, 1937.

John Weaver and Perry A. Bronson, both of Chicago, Ill., for appellant.

Thomas C. Angerstein, George W. Angerstein, Russell F. Locke, and Alan E.

Ashcraft, Jr., all of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

BRIGGLE, District Judge.

Simon McGuire sued the Sherwin-Williams Company in a common-law action in the District Court for injuries to his health, growing out of the inhalation of stone dust while employed by the defendant, and due, as he asserts, to the failure of the defendant to warn him of the dangers and to furnish proper appliances for his protection. Defendant challenged the sufficiency of the complaint by a motion to dismiss, and from an adverse ruling thereon, followed by judgment, plaintiff appeals.

The complaint alleges that defendant, in its manufacturing business, maintained two circular slabs of stone operating horizontally and in juxtaposition to one another; that as the surfaces of said stones would become worn they would be removed and redressed; that plaintiff was engaged from June, 1929, to February, 1935, in the work of redressing such stones, a portion of the time by the use of an air-hammer and chisel, and later by means of an electrically driven tool held against the face of the stone; that in the use of the redressing tool there was expelled from the stone large volumes of small particles, or stone dust, which impregnated the air and which plaintiff unavoidably breathed into his lungs and thus created a permanent congestion in the lungs and other respiratory organs.

The question for decision is whether such facts vested in plaintiff a right of action at common law against his employer. Whether such facts might have come within section 1 of the Occupational Diseases Act of Illinois, Smith-Hurd Ill. Stats. c. 48, § 73 (recently held unconstitutional in Boshuizen v. Thompson & Taylor Co., 360 Ill. 160, 195 N.E. 625, and Parks v. Libby-Owens-Ford Glass Co., 360 Ill. 130, 195 N.E. 616), is not before us; and defendant's assertion in its motion that such facts came within the Workmen's Compensation Act of Illinois (Smith-Hurd Ill.Stats. c. 48, § 138 et seq.) and thus barred a common-law action has, likewise, been abandoned.

In a general sense, defendant's asserted liability to respond in damages is bottomed upon the principle that the employer owes its employee a duty to furnish him a reasonably safe place in which to perform his work. Plaintiff avers that the place where he worked was fraught with inherent dangers to him unappreciated, but to the defendant well known, and that defendant owed him a duty to warn and a further duty to make the place safe; that a failure to meet such asserted obligation on the part of the employer has caused his body to become diseased and impaired in its usefulness. Plaintiff undertakes to make a distinction between a bodily impairment resulting from what is generally referred to as an "occupational disease" and a bodily impairment brought about by the negligence or misconduct of defendant. A disease inherent in the occupation may under some circumstances negative misconduct of the employer or it may be material on a question of assumed risk, but the important point in this connection is not what such impairment or disease may be called but whether it has been occasioned by the negligence or misconduct of the employer. Such is the case made by the complaint before us.

It is immediately apparent that the disability complained of was contracted over an extended period of time and presumably by a gradual process and was in no sense due to an accidental injury in the commonly accepted meaning of that term. Plaintiff's condition is not traceable to any specific time or occasion or to any mishap or single unlooked for event.

In the case of McCreery v. Libby-Owens-Ford Glass Co., 363 Ill. 321, 2 N.E.(2d) 290, 292, 105 A.L.R. 75, the Supreme Court of Illinois said: "It is a long established rule of common law origin that an employer must furnish his employee a reasonably safe place in which to work. An examination of the cases in Illinois and at common law which support this rule discloses that it is based upon decisions involving accidental injuries rather than occupational diseases. Reflection makes it apparent that this must be so because occupational diseases were unknown to the common law. The weakness of the argument lies in its failure to distinguish between a 'safe' place to work and a 'healthful' or 'sanitary' place in which to work. One searches in vain for any precedent at common law establishing any duties as to healthfulness or sanitation."

In the McCreery Case and in the companion case of Vogel v. Johns-Manville Products Corporation, 363 Ill. 473, 2 N.E. (2d) 716, decided at the same time, the Supreme Court of Illinois definitely held that recovery of an employee for injury to health due to occupational disease must rest upon statutory authority as no such right existed at common law in Illinois. In the McCreery Case the cause of action was based wholly upon an alleged common-law liability for negligence and misconduct and in the Vogel Case it rested in part upon such asserted common-law liability. The ultimate decision in each case turned upon the court's conclusion that no such liability exists in Illinois.

Appellant concedes that, if this court follows the McCreery and Vogel Cases, they are determinative of the question before us, but he earnestly contends that such decisions are a denial of the common law as interpreted by the federal courts and the highest courts of many of the states, and should not be followed. He urges upon this court the fallacy of the conclusion there reached and the necessity of establishing a contrary rule for the federal courts of this circuit. Moreover, he argues that such decisions are at variance with the earlier decisions of the Illinois court in the cases of Schaffner v. C. F. Massey Co., 270 Ill. 207, 110 N.E. 381, and Pinkley v. Chicago & E. I. R. Co., 246 Ill. 370, 92 N.E. 896, 35 L.R.A.(N.S.) 679. The fact basis of the two earlier decisions, however, are sufficiently different from the McCreery and Vogel Cases to warrant a distinction, but, in any event, an examination of those cases discloses that the question of whether any right of action as therein claimed existed at common law was not challenged, and therefore given no expressed consideration.

It cannot be gainsaid that some courts have, either directly or indirectly, given recognition to a different view from that of the Supreme Court of Illinois. Jacque v. Locke Insulator Corp. (C.C.A.) 70 F. (2d) 680; Zajkowski v. American Steel & Wire Co. (C.C.A.) 258 F. 9, 6 A.L.R. 348; Kane v. Federal Match Corporation (D. C.) 5 F.Supp. 507; Jellico Coal Co. v. Adkins, 197 Ky. 684, 247 S.W. 972; Fritz v. Elk Tanning Co., 258 Pa. 180, 101 A. 958.

Yet other courts have interpreted the limitations upon the common law to be similar to that of the Illinois court. Ewers v. Buckeye Clay Pot Co., 29 Ohio App. 396, 163 N.E. 577; Zajachuck v. Willard Storage Battery Co., 106 Ohio St. 538, 140 N.E. 405; Gordon v. Travelers' Ins. Co. et al. (Tex.Civ.App.) 287 S.W. 911; Miller v. American Steel & Wire Co., 90 Conn. 349, 97 A. 345, L.R.A.1916E, 510; Calhoun v. Washington Veneer Co., 170 Wash. 152, 15 P.(2d) 943; Adams v. Acme White Lead & Color Works, 182 Mich. 157, 148 N.W. 485.

It has long been a provision of federal statute that the laws of the several states, except where the Constitution or statute otherwise forbid, shall be regarded as rules of decision in trials at common law in the courts of the United States (28 U.S.C. A. § 725).

In the interpretation of this provision the Supreme Court of the United States, as early as Swift v. Tyson, 16 Pet. 1, 3, 10 L.Ed. 865, recognized the right of the federal courts to depart from the decisions of the state courts in questions involving commercial paper, and this doctrine has, by numerous later decisions, been enlarged to encompass most all questions of general jurisprudence not dependent upon the construction of a state statute or the enforcement of a property right peculiar to the state. Black & White Taxicab & Transfer Company v. Brown & Yellow Taxicab & Transfer Company, 273 U.S. 690, 47 S.Ct. 472, 71 L.Ed. 842; Salem Trust Company v. Manufacturers' Finance Company et al., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Boyce v. Tabb, 18 Wall. (85 U.S.) 546, 21 L.Ed. 757.

On the other hand, while it is recognized that the federal courts are not bound to follow the decisions of the highest court of the state on questions of general jurisprudence, yet it is recognized as a wholesome thing to do and plainly desirable in the orderly administration of justice within the confines of the state, if no impelling reason exists for doing otherwise. Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S.Ct. 140, 143, 54 L.Ed. 228; Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 21, 27 L.Ed. 359; Sim v. Edenborn, 242 U.S. 131, 37 S.Ct. 36, 61 L.Ed. 199; and cases there cited. The peculiarities attendant upon the existence of two coordinate jurisdictions within the state, and the anomalous results that would follow two separate rules of conduct in a given situation, are not to be ignored. An em-

ployee in a factory of a resident corporation in Illinois should have no other or different rights growing out of his having contracted occupational disease and injuries to his health than his fellow laborer across the street who is employed by a nonresident corporation; and, conversely, no reason appears for imposing a greater burden in this respect upon a foreign corporation, authorized to operate in Illinois, than a domestic corporation. In other words, identity of the forum should not be determinative of the substantive right if this can reasonably be avoided. In the case of Kuhn v. Fairmont Coal Co., supra, in recognizing the right of a federal court to depart from the holdings of the state courts, the Supreme Court used this significant language: "But even in such cases, for the sake of comity and to avoid confusion, the Federal court should always lean to an agreement with the state court if the question is balanced with doubt."

In the case of Bucher v. Cheshire R. Co., 125 U.S. 555, 8 S.Ct. 974, 978, 31 L. Ed. 795, the Supreme Court said: "There is no common law of the United States, and yet the main body of the rights of the people of this country rest upon and are governed by principles derived from the common law of England, and established as the laws of the different states. Each state of the Union may have its local usages, customs, and common law. * * * When, therefore, in an ordinary trial in an action at law we speak of the common law we refer to the law of the state as it has been adopted by statute or recognized by the courts as the foundation of legal rights."

The language of Justice Bradley in the early case of Burgess v. Seligman, supra, has often been referred to with approval and is worthy of repetition: "Since the ordinary administration of the law is carried on by the state courts, it necessarily happens that by the course of their decisions certain rules are established which become rules of property and action in the state, and have all the effect of law, and which it would be wrong to disturb. * * * Acting on these principles, founded as they are on comity and good sense, the courts of the United States, without sacrificing their own dignity as independent tribunals, endeavor to avoid, and in most cases do avoid, any unseemly conflict with the well-considered decisions of the state courts. As, however, the very

object of giving to the national courts jurisdiction to administer the laws of the states in controversies between citizens of different states was to institute independent tribunals, which, it might be supposed, would be unaffected by local prejudices and sectional views, it would be a dereliction of their duty not to exercise an independent judgment in cases not foreclosed by previous adjudication."

Moved by these considerations we have concluded, with some reluctance, that in the determination of the question before us, involving as it does the relationship between employer and employee in a purely local industry in Illinois, with no federal question present, that our duty will best be met by an adherence to the rule established by the highest court of that state. The judgment of the District Court is affirmed.

Affirmed.