## ALLEN v. CATERPILLAR TRACTOR CO.
### No. 6326.

Circuit Court of Appeals, Seventh Circuit.
April 19, 1938.

William Schwartz, of Cleveland, Ohio, and Clyde C. Trager, of Peoria, Ill., for appellant.

Frank T. Miller and Eugene R. Johnson, both of Peoria, Ill., and Ralph F. Potter and Leslie H. Vogel, both of Chicago, Ill., for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

938

EVANS, Circuit Judge.

The complaint contains three counts. The trial court held that each failed to state a cause of action. The second and third may be disposed of together. The gist of each is defendant's alleged negligence. The correctness of the District Court's ruling depends upon the holdings of the Illinois Supreme Court and their effect upon this court.

The Supreme Court of Illinois has held that an employee can not recover upon facts such as are alleged in these two counts; that is, for damages arising out of his contracting an occupational disease.[1] See cases cited supra. On three previous occasions we have held that the law of Illinois, as expressed by its Supreme Court decisions, in reference to an employee contracting an occupational disease, is binding upon, or at least should be accepted by, us. McGuire v. Sherwin-Williams Co., 7 Cir., 87 F.2d 112; Gestauts v. American Manganese Steel Co., 7 Cir., 87 F.2d 1005; Andris v. Du Pont Cellophane Co., 7 Cir., 93 F.2d 421. In view of these unequivocal rulings further discussion of the applicable law seems unnecessary.

Nor can we accept plaintiff's urge that the Illinois Supreme Court in so holding violated the due process clause of the Fourteenth Amendment of the United States Constitution. A contrary holding by the Supreme Court has settled this question. Patterson v. Colorado, 205 U.S. 454, 27 S.Ct. 556, 51 L.Ed. 879, 10 Ann.Cas. 689.

In the first count plaintiff apparently attempted to commingle allegations of fraud with alleged acts of negligence. He stated that he was employed by defendant as a trucker who was required to enter a certain factory building and work therein; that the factory building was used as a foundry and for grinding purposes; that the air in said factory was heavy with dust containing silica and "he complained to the defendant, its agents and servants, whether or not the dust could injure his health and further informed them that if it could injure his health he would quit immediately, but said defendant, its agents and servants, informed this plaintiff that the dust could not possibly hurt him, that no one in the years past had ever suffered any illness from the dust, that they have been informed by physicians that the dust is harmless and that it was perfectly safe to continue to work, and they urged this plaintiff not to quit but to continue working."

Plaintiff alleged that he "relied upon these representations, and * * * did not leave his employment but continued to work until * * * he was discharged by said defendant because he had contracted silicosis, and because he was unable to carry on his duties any longer." He further charged that his disease was contracted because of the dust in said defendant's foundry and that defendant, its agents and servants, made the above representations when "they knew them to be false, or should have known them to be false."

We, of course, on a motion to dismiss, must accept the fact allegations which are set forth in this count.

We are satisfied that plaintiff in this count was making another attempted statement of a cause of action for damages based upon the contraction of a so-called occupational disease. The allegations of fraud are not sufficiently specific to make out a case of fraud. Cyclopedia of Federal Procedure, § 1239; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 88 F.2d 407, and cases cited; Ruling Case Law, Fraud & Deceit, § 164; Farrar v. Churchill, 135 U.S. 609, 10 S.Ct. 771, 34 L.Ed. 246.

Who were the servants or agents who expressed the belief that a truck driver entering a factory building would not contract silicosis? Were they authorized to speak for defendant? It nowhere appears. Did they make false statements or did they believe them to be true? Their statements seem to have been mere expressions of opinion as to the effect of a truck driver's breathing air ladened with silica dust.

Undoubtedly a cause of action may be predicated upon deceit and fraud. But the

---

[1] Plaintiff's alleged cause of action arose prior to the effective date of the new Illinois Occupational Disease Act, Smith-Hurd Stats.Ill. c. 48, § 172.1, et seq., which became effective October 1, 1936. Plaintiff's employment ceased November 19, 1936.

allegations of fraud and deceitful practices must be specifically set forth. If a corporation is to be held for statements made by its servants or agents, the pleadings should show the capacity of the servant or agent and at least an implied authority to bind his employer. The alleged fraudulent statements cannot be mere matters of opinion as to what will occur in the future, or as to what results will follow an employee's breathing dust. Here it was not even alleged that the makers of the false prophesies knew how long plaintiff was required to work in the factory. He says he was employed as a truck driver, nothing more. It is inferable that one engaged as a truck driver was not in the building all of the time.

Obviously, as to most of the facts alleged as misrepresentation, the same knowledge or means of knowledge was available to plaintiff as well as to defendant's "agents or servants."

The judgment is affirmed.