Taft, C. J.
The only question to be determined in each of these cases is whether there is any right of appeal to the Common Pleas Court with respect to an occupational disease claim under the Workmen’s Compensation Statutes.
The only right of appeal to a court with respect to a claim for workmen’s compensation is such as may be provided for by statute. Industrial Commission v. Monroe (1924), 111 Ohio St., 812, 146 N. E., 213.
The only statute providing for an appeal to the Common Pleas Court with respect to a claim for workmen’s compensation is Section 4123.519, Revised Code, which reads, so far as pertinent:
“The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.”
As pointed out in Johnson v. Industrial Commission (1955), 164 Ohio St., 297, 130 N. E. (2d), 807, Section 35 of Article II of the Ohio Constitution differentiates between injury and disease, and the word “injury,” as used in our Workmen’s Compensation Statutes, does not ordinarily include a disease.
Thus, when the General Assembly provided in Section 4123.519 for an appeal “in any injury case,” it certainly did not expressly provide for an appeal in an occupational disease case.
In 1955, when Section 4123.519 was first enacted (126 Ohio Laws, 1015, 1022), the General Assembly also enacted Sections 4123.512 to 4123.518, inclusive, which, with Section 4123.519, substantially revised the administrative procedures to be followed with respect to workmen’s compensation claims and provided for administrative appeals and court appeals with respect *215 thereto. A reading of these sections clearly indicates that all except Section 4123.519 apply not only to injury claims but also to occupational disease claims. In Section 4123.512, the words “injury or occupational disease” are used three times in such a way as to indicate beyond any doubt that the claims dealt with therein are not only injury claims but also occupational disease claims. Also, that statute uses the words “any claim under Chapter 4123 of the Revised Code,” which would necessarily include an occupational disease claim. There are no words in the following Sections 4123.513 to 4123.518, inclusive, to even suggest the possibility that these sections are not also to apply with respect to occupational disease claims. However, in providing for a court appeal in Section 4123.519, the General Assembly provided for such an appeal “in an injury case” and used the word “injury” in two other places in providing in that statute for that court appeal. Nowhere in providing for a court appeal did the General Assembly use words which can be reasonably construed as even suggesting an intention to grant a right to a court appeal with respect to an occupational disease claim or in an occupational disease case.
Furthermore, when it enacted Sections 4123.512 to 4123.519, inclusive, in 1955, the General Assembly also enacted Section 4121.131, Revised Code, providing in part:
“The Industrial Commission * * * shall # * * render final determinations of disputed claims as provided in Sections 4123.516, 4123.517 and 4123.518 * * * except as provided in Section 4123.519 * * * ”
Thus, final determinations were to be made by the Industrial Commission of all disputed claims whether for “injury or occupational disease” except where there was an appeal in an “injury case.”
As we read these 1955 amendments to the Workmen’s Compensation Statutes, they express a legislative intention to provide for administrative review of all disputed claims whether for “injury or occupational disease” but for a court appeal only in an “injury case” and not in an occupational disease case. In effect, the General Assembly expressed the intention that there should be no appeal in an occupational disease ease just as clearly as if it had expressly so stated,
*216 The arguments made in each of the instant cases in support of the contention that our statutes now confer the right to an appeal to the Common Pleas Court in an occupational disease case may be summarized as follows:
1. When the Workmen’s Compensation Statutes were amended in 1921 (109 Ohio Laws, 181) to provide for compensation for occupational diseases, this was done by enacting Sections 1465-68 (a) and (b), General Code. Section (a) of that statute (which, as later amended, became Section 4123.68, Revised Code) provided for compensation payments to employees who contracted certain scheduled occupational diseases and to dependants of employees whose deaths were caused by such diseases.
Section (b) (which as later amended became Section 4123.69, Revised Code) extended to those employees and dependents all the rights, benefits and immunities provided for injured employees by the other sections of the Workmen’s Compensation Statutes excepting Section 1465-90, General Code (which as later amended became Section 4123.51, Revised Code), which permitted a court appeal in certain “injury” cases.
2. If this exception as to Section 1465-90, General Code (later Section 4123.51, Revised Code), had not been made, Section 1465-68&, General Code (now Section 4123.69, Revised Code), would have conferred the same right of appeal with respect to an occupational disease claim as conferred by Section 1465-90, General Code (later Section 4123.51, Revised Code), with respect to an injury claim. Industrial Commission v. Monroe, supra (111 Ohio St., 812), is cited as supporting this argument.
3. When Section 4123.51, Revised Code, was repealed in 1955, its provisions for court appeals in injury cases were replaced by the provisions of Section 4123.519 for court appeals in injury cases; and, by reason of the provisions of Section 1.23(A), Revised Code (“where reference is made to any section * * * of the Revised Code, such reference shall extend to and include any amendment of or supplement to the section * * * so referred to or any section or sections hereinafter enacted in lieu thereof”), the words of Section 4123.69, Revised Code, which read, “except Section 4123.51,” should in effect read, “except Section 4123,519,”
*217 4. By amending Section 4123.69 in 1959 to eliminate the exception as to Section 4123.51, the General Assembly thereby expressed an intention to confer the same right of appeal with respect to an occupational disease claim as conferred by Section 4123.519 with respect to an injury claim. In support of this argument, a statement is cited from 2 Sutherland on Statutes and Statutory Construction (2 Ed.), 672, Section 351, to the effect that, if a statute is amended by striking out the exception of a particular thing from the operation of the general words of the statute, “the intent is clear to put the excepted thing within the operation of the general words. ’ ’
5. Section 4123.95, Revised Code, provides:
“Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of the deceased employees.”
In our opinion, the only legislative purpose in amending Section 4123.69 in 1959 so as to eliminate reference to Section 4123.51 was to clear up the statute by removing an unnecessary reference to a statute which had been repealed four years before. The excepting reference of Section 4123.69 to Section 4123.51 had become unnecessary, as hereinbefore indicated, not only because of the repeal of Section 4123.51 in 1955 but also because of the clear expression by the General Assembly, in the 1955 enactment of Sections 4123.512 to 4123.519, inclusive, Revised Code, and Section 4121.131, Revised Code, of an intent to provide for an appeal in injury cases but not in occupational disease cases.
This opinion is fortified by the fact that, at the same time, the General Assembly removed several other obviously unnecessary exceptions with respect to other statutes (Sections 4123.06, 4123.18, 4123.86, 4123.87 and 4123.88, Revised Code) which had been added to the provisions of Section 1465-68&, General Code, when it had been recodified as Section 4123.69, Revised Code.
Furthermore, the 1959 act, which eliminated the Section 4123.51 exception in Section 4123.69, amended Section 4123.519 which is claimed to have somehow conferred a right of appeal in an occupational disease case. However, although the General Assembly in that act specifically referred to occupational diseases or occupational disease claimants in 13 other sections *218 (Sections 4123.05, 4123.28, 4123.343, 4123.54, 4123.55, 4123.57, 4123.60, 4123.61, 4123.66, 4123.68, 4123.69, 4123.74 and 4123.85, Revised Code) and thus indicated that it knew how to provide rights with respect to occupational disease claims, it made no provision in Section 4123.519 for an appeal with respect to an occupational disease claim. See Legislative Amendments to Ohio Workmen’s Compensation in 1959 by Oliver Schroeder (1959), 20 Ohio State Law Journal, 601, 609.
Admittedly, there had never been, prior to November 1959, any statutory provision for an appeal with respect to an occupational disease claim. Therefore, if the General Assembly had intended in 1959 to provide for such an appeal, it is inconceivable that it would not have clearly expressed its purpose to do so.
It would have been very easy for the General Assembly to provide for such an appeal, if it intended to do so, by either eliminating the word “injury” before the word “case” in Section 4123.519 or by adding the words “or occupational disease” after the word “injury,” as it had frequently done both in the 1955 act, which contained Sections 4123.512 to 4123.519, inclusive, and Section 4121.131, Revised Code, and in other parts of the 1959 act, which eliminated the exception with regard to the repealed Section 4123.51.
A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute.
Our conclusion is that there is no right of appeal to the Common Pleas Court with respect to an occupational disease claim under the Workmen’s Compensation Statutes.
This conclusion is fortified by a consideration of the history of the 1959 legislation which is claimed to have provided a right of appeal with respect to occupational disease claims. This legislation was enacted as a part of Substitute House Bill 470. That bill, as recommended by the House Committee on Industry and Labor, specifically allowed an appeal to the Court of Common Pleas in the county “where the injury or occupational disease was sustained or contracted.” Substitute House Bill 470, p. 26 (1959). However, the provisions of the bill relative *219 to a court appeal were amended by tbe House to omit any reference to occupational disease. House Journal, pp. 1750-1753 (July 15, 1959). Tbe bill was then sent to the Senate and referred to the Senate Committee on Commerce and Labor, which changed the court appeal provisions so as to correspond with the bill as recommended by the House Committee on Industry and Labor and thus expressly authorize a court appeal in an occupational disease case. Senate Journal, pp. 1254-1258 (July 22, 1959). However, as in the House, the provisions of the bill relating to a court appeal were again amended so as to omit any reference to any occupational disease claim. Senate Journal, pp. 1287-1293 (July 23, 1959). The bill, as thus amended, was then passed by the Senate (Senate Journal, p. 1298 [July 23, 1959]) and approved by the House. House Journal, p. 1346 (July 24, 1959).
It follows that, in case No. 37366, the judgment of the Court of Appeals must be reversed and that of the Common Pleas Court affirmed, and that, in case No. 37491, the judgment of the Court of Appeals must be affirmed.

Judgment reversed in case No. 37366.

Judgment affirmed in case No. 37491.

Zimmerman, Matthias, O’Neill, Gripeith and Gibson, JJ., concur.