Herbert, J.,
dissenting. It is with real regret that my first opinion as a member of this court must be a dissent.
I agree with my colleagues that, “The only question to be determined in each of these cases is whether there is any right of appeal to the Common Pleas Court with respect to an occupational disease claim under the workmen’s compensation statutes.” My answer is “Yes.”
Further in the majority opinion it is stated:
“The only statute providing for an appeal to the Common Pleas Court with respect to a claim for workmen’s compensation is Section 4123.519, Revised Code, which reads, so far as pertinent:
“ ‘The claimant or employer may appeal a decision of the *220 Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state.’ ”
The majority opinion limits the right of appeal to the Court of Common Pleas to “any injury case,” completely ignoring the plain provisions of Section 4123.69, Revised Code (effective November 2, 1959), which specifically provide that occupational disease claims be accorded precisely the same ‘ ‘ rights, benefits, and immunities ’ ’ as are provided in any ‘ ‘ injury case. ’ ’
Whether an employee’s disability arises as a result of a traumatic injury or the contraction of an occupational disease, the General Assembly recognized that the ultimate result is the same; the employee is deprived of his ability to earn a living and provide for his family because of a disability arising from his employment. In the event of his death, the hardships of his family in either event are the same.
It is difficult for a body of men and women as numerous as the General Assembly of Ohio to express precisely its purpose and intention when legislating upon a subject as intricate and complex as that of compensation for injured employees or those who contract occupational diseases due to their employment. But, here, the General Assembly adopted a procedure logical in its nature; and language that left no doubt or ambiguity.
To achieve its object the General Assembly in Section 4123.68, Revised Code, classified as compensable 24 specified occupational diseases. In the same section it set out the requirements of proof necessary to support an occupational disease or death claim.
The Genera] Assembly, in the same act, amended Section 4123.69, Revised Code, conferring certain rights and benefits upon employees who contract an occupational disease mentioned in Section 4123.68, Revised Code, and the dependents of those employees who die as a result of such disease. The pertinent language of amended Section 4123.69, Revised Code, is:
“Every employee mentioned in Section 4123.68 of the Revised Code and the dependents * * * of such employee shall be entitled to all the rights, benefits, and immunities * * * and regu *221 lations provided for injured employees * * (Emphasis added.)
Most certainly an appeal to the Court of Common Pleas is a “right” or “benefit.” Thus it is apparent that the General Assembly by the enactment of Section 4123.69, Revised Code, as amended, specifically granted to occupational disease claimants identically the same “rights” and “benefits” as are granted in injury cases.
With consistent logic and equal emphasis, the General Assembly in the same section used the following mandatory lanugage:
“The Industrial Commission shall have all of the powers, authority, and duties with respect to the collection, administration and disbursement of the State Occupational Disease Fund as are provided for in Sections 4123.01 to 4123.94, inclusive, of the Revised Code [workmen’s compensation statutes], providing for the collection, administration, and disbursement of the State Insurance Fund for the compensation of injured employees.” (Emphasis added.)
Again the General Assembly emphasized its purpose to accord to occupational disease claims the same rights and benefits as are accorded in “injury cases.”
It may well be observed that in numerous instances the Industrial Commission disburses funds for the payment of claims upon the finding and order of the Court of Common Pleas upon appeal. Prior to 1959, those employees who had contracted an occupational disease in their employment, as well as the dependents of those who had died from such occupational disease, had been denied their right of appeal to the Court of Common Pleas and denied the right to participate in the fund as ordered by the court. This injustice to the stricken employee as well as to his dependents upon his death, the General Assembly has endeavored to correct in plain, clear and unambiguous language.
In the majority opinion it is said:
“Thus, when the General Assembly provided in Section 4123.519 for an appeal ‘in any injury case,’ it certainly did not expressly provide for an appeal in an occupational disease ease. ’ ’
I am at a loss to determine how the General Assembly *222 could have been more specific in expressing its intent and purpose. In simple and concise language it has declared that occupational disease claimants shall have the same “rights” and “benefits” as those granted to “injured employees.”
Section 4123.519, Revised Code, sets out the procedure for appeal to the Court of Common Pleas. This statute is referred to in Section 4123.69, Revised Code, together with other sections of the Code, which provide the same rights and remedies to both injured employees and those contracting an occupational disease.
In 1953, Section 4123.69, Revised Code, in part provided:
“* * * Section 4123.51 [appeals section] of the Revised Code, shall not apply to any case involving occupational disease.” (Emphasis added.)
There can be no doubt about the meaning of this language and its intent. However, in 1959, the General Assembly amended Section 4123.69, Revised Code, and struck out the above-quoted language. By this deletion, it is obvious that the General Assembly intended to permit appeals to the Court of Common Pleas by occupational disease claimants.
To fail to recognize the effect of such deletion is to do violence to a well recognized rule that when an amendment is made by a legislative body there is a purpose in such amendment. This court said in the first paragraph of the syllabus in County Board of Education v. Boehm, 102 Ohio St., 292:
“When an existing statute is repealed and a new and different statute upon the same subject is enacted, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the change in the language thereof.” (Emphasis added.)
Truly, the deletion of the pre-existing exception had some purpose. In State v. Barts, 132 N. J. Law, 74, 80, the court said:
‘ ‘ The rule of construction is that when a later statute omits words, particularly of limitation, included previously in the law, such omission is meaningful and was done with the full knowledge and approval of its effect * *
'Industrial Commission v. Monroe, 111 Ohio St., 812, involved a claim for compensation for the death of an employee who had contracted an occupational disease and died as a result thereof. Section 1465-68b, General Code, had the same excep *223 tion as to the appeal of occupational disease cases as Section 4123.69, Revised Code, had in 1953. The court, in the Monroe case, denied the appeal, basing its decision solely upon the exception then in the statute, to wit, “save and except Section 1465-90, General Code [now Section 4123.519, Revised Code], which shall not apply to any case involving occupational disease.”
In the per curiam opinion, at page 814, this court said:
“It would seem that any injury which the spirit and letter of the compensation act regarded as entitled to compensation should be placed upon the same footing as other injuries with respect to the right to have a denial of compensation reviewed upon appeal, but the Legislature has seen fit to provide otherwise, and we cannot deny its right so to do.” (Emphasis added.)
Not only has the General Assembly now stricken from the statute the exception upon which the Monroe case was decided but has by affirmative action declared that occupational disease claims shall be accorded precisely the same rights and benefits as “other injuries.” See also Arnold v. United States, 147 U. S., 494.
The people of Ohio adopted the workmen’s compensation amendment to the Constitution of our state (Section 35, Article II). The people spoke as follows:
“For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed * # (Emphasis added.)
The people made no distinction in respect to compensation between those suffering from injuries, or their dependents, and those suffering from occupational disease, or their dependents.
The Workmen’s Compensation Act must be construed liberally in favor of the employees and the dependents of the deceased employees. (Section 4123.95, Revised Code, and Bowling v. Industrial Commission, 145 Ohio St., 23.) Thus, assuming that a doubt exists as to the right of appeal in occupational disease cases, such doubt necessarily must be resolved in favor of the employee or his dependents.
The General Assembly having declared its intention both *224 by positive affirmative action as well as by negative action that occupational disease claimants shall have the same right of appeal as any other claimant under the workmen’s compensation statutes, the conclusion is inescapable that the judgment of the Court of Appeals in the Ssekely case should be affirmed and the judgment of the Court of Appeals in the Lairson case should be reversed.